IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Case No. 7:16-CR-30026 |
| v. | ) |
| | ) |
| JAMES ALBERT BUMBRY, | ) |
| | ) By: Michael F. Urbanski |
|     Defendant | ) Chief United States District Judge |

**MEMORANDUM OPINION**

This matter is before the court on defendant James Albert Bumbry's pro se motion for early termination of supervised release. ECF No. 1396. For the reasons stated below, the court **DENIES without prejudice** Bumbry's motion.

On October 26, 2016, defendant Bumbry was indicted on one count of Racketeering Conspiracy in violation of 18 U.S.C. § 1962(c), and one count of conspiracy to distribute heroin, cocaine base, powder cocaine, methamphetamine, and suboxone, in violation of 21 U.S.C. § 841(a)(1). Indictment, ECF No. 19. On July 7, 2017, pursuant to a Rule 11(c)(1)(C) plea agreement, Bumbry pled guilty to conspiring to participate in racketeering activity. Plea Agreement, ECF No. 424. On January 2, 2018, Bumbry was sentenced to a term of 80 months to be followed by a 3-year term of supervised release. J., ECF No. 1060. On July 9, 2021, Bumbry was released from incarceration and began serving his term of supervised release.

The court sought input from the United States Probation Officer (USPO) who supervises Bumbry. The officer confirmed that Bumbry has done well on supervision with no issues or concerns. Despite some serious health issues that have impacted his ability to work, Bumbry has maintained employment when he has been able to do so. The USPO does not

1

oppose early termination of supervised release for Bumbry but did note that Bumbry has three convictions in federal court. The government opposes early termination based on Bumbry's long criminal history and because he has at least two convictions related to firearms. Resp., ECF No. 1398.

Pursuant to 18 U.S.C. § 3583(e), a court may, after considering the factors set forth in §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), terminate a period of supervised release at any time after the expiration of one year of supervised release if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice. The following factors are to be considered: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, provide the defendant with needed education or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the United States Sentencing Guidelines; (4) any pertinent policy statement issued by the United States Sentencing Commission; (5) the need to avoid unwarranted sentencing disparities among defendants; and (6) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

Courts have discretion to grant early termination of supervised release, even when the conditions for termination are met. Folks v. United States, 733 F.Supp.2d 649, 651 (M.D.N.C. 2010). In addition, the inquiry is broader than the individual's conduct. Id. (citing United States v. Pregent, 190 F.3d 279, 282-83 (4th Cir. 1999)). "Circumstances that justify early discharge

have included exceptionally good behavior that makes the previously imposed term of supervised release 'either too harsh or inappropriately tailored to serve' general punishment goals." Id. (quoting United States v. Lussier, 104 F.3d 32, 36 (2d Cir. 1997)). Neither the passage of time nor full compliance with the terms of supervised release are sufficient bases to warrant early termination. Id. at 652 (collecting cases). But "[a]llocation of scarce resources counsels in favor of terminating supervision in cases . . . where services and oversight are no longer needed." United States v. Lyons, No. CR DKC 13-0282-3, 2020 WL 7769782, at *2 (D. Md. Dec. 30, 2020) (granting motion for early termination of supervised release where the parolee, convicted of a drug trafficking conspiracy and possession of a firearm in furtherance thereof, was transitioning "very well" and he consistently tested negative in random drug testing).

Turning to the § 3553(a) factors and looking at the nature and circumstances of the offense, Bumbry was a fairly high-ranking member of a subdivision of a criminal gang known as the Mad Stone Bloods. For more than 5 years, Bumbry and his co-conspirators obtained cocaine, cocaine base, heroin, marijuana, methamphetamine, Molly (MDMA), and Suboxone from New York and distributed it in Virginia. Presentence Investigation Report (PSR), ECF No. 1330 ¶¶ 22, 26–28, 30, 78–81. Although Bumbry was not accused and did not plead guilty to any firearm offense or violent offense, the Mad Stone Bloods engaged in acts involving murder and robbery in addition to drug trafficking. Id. ¶¶ 75–78. Given the destruction wrought by the illicit drug trade and Bumbry's willing association with the violent criminal gang and its activities, the court finds that the nature and circumstances of Bumbry's offense weigh against early termination of supervised release.

Regarding Bumbry's history and characteristics, prior to his arrest on the drug trafficking charges in 2016, he had several convictions for non-violent offenses. PSR, ECF No. 1330, ¶¶ 104, 105, 107, and 108. In addition, Bumbry had convictions for brandishing a firearm and possession of a firearm by a convicted felon in Roanoke City Circuit Court, and a conviction for possession of a firearm by a convicted felon in federal court. Id. ¶¶ 106, 109. Bumbry's previous convictions resulted in a criminal history score of 8 and a criminal history category of IV. Id. ¶ 113. From approximately 2013 through 2014, Bumbry was the highest ranking leader of the Mad Stone Bloods "on the streets of Virginia." Id. ¶ 78. Since being on supervised release, Bumbry has been compliant with the terms of supervision. He also has suffered from health problems, including a having had a stroke and undergoing abdominal surgery.

Taking Bumbry's history and characteristics as a whole, the court notes that up until his most recent term of incarceration, Bumbry willingly associated himself with violent gang members and was not deterred from criminal behavior by his prior convictions. Although he has been compliant with the terms of supervised release since his release from incarceration in 2021, his apparent turn-around is relatively recent. Therefore, the court finds that Bumbry's history and characteristics weigh against a reduction in his term of supervised release.

Looking at the need for the sentence to provide deterrence to criminal conduct and protect the public, having Bumbry remain on supervised release will provide benefits to both Bumbry and the public. Bumbry has been successful on supervised release with the structure and guidance he has received from his probation officer, but as mentioned above, his commitment to being a law-abiding and productive citizen is a somewhat new change for him.

Having Bumbry continue on supervised release will allow him to continue to benefit from the support and direction his probation officer provides and will increase the chances that he will enjoy long-term success when his supervision ends.

Regarding the established sentencing range for the category of Bumbry's offense, he faced a maximum term of three years of supervised release. Id. ¶ 144; 18 U.S.C. § 3583(b)(2). This factor is neutral in the consideration of early termination. None of the remaining § 3553(a) factors weigh either in favor or against early termination of supervised release.

Having considered the § 3553(a) factors and the opinion of the probation officer overseeing Bumbry's supervised release, the court **DENIES without prejudice** Bumbry's motion for early termination, ECF No. 1396. The court is impressed with Bumbry's compliance with the terms of supervised release and with his perseverance in the face of his medical difficulties. Nevertheless, the court remains concerned about the stability of Bumbry's success given his criminal history and his association with the Mad Stone Bloods gang. Having Bumbry continue on supervised release will provide him with an additional period of guidance and also serve to protect the community.

The Clerk is **DIRECTED** to send a copy of this memorandum opinion and accompanying order to Bumbry's address as indicated in ECF No. 1396.

An appropriate order will be entered.

It is so **ORDERED**.

ENTERED:  April 13, 2023

*[signature]*
Michael F. Urbanski
Chief U.S. District Judge
2023.04.13 23:42:17 -04'00'

Michael F. Urbanski
Chief United States District Judge